UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TORRI MONTAGUE DURDEN,

    Plaintiff,

v.

Case No. 2:21-cv-10696
Hon. Laurie J. Michelson

SGT. BIDDLE, CO LOPEZ, AND
CO LOFTON,

    Defendants.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

This is a pro se prisoner civil rights case. Plaintiff Torri Montague Durden is presently incarcerated at the Saginaw Correctional Facility. Durden claims that Defendants, three corrections officers at his facility, erroneously issued him a misconduct ticket, deprived him of his personal property, and verbally harassed him. The Court will summarily dismiss the complaint without prejudice for failure to state a claim.

### I. Standard of Decision

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." FED. R. CIV. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While this pleading standard does not require "detailed" factual allegations, *id.*, it does require

1

more than the bare assertion of legal conclusions or "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id*. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id*.

Durden has been granted leave to proceed without prepayment of the filing fee for this action due to his indigence. (ECF No. 2, 4.) Under the Prison Litigation Reform Act ("PLRA"), the Court is required to sua sponte dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). Similarly, the court is required to dismiss a complaint seeking redress against government entities, officers, and employees that it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

## II. Complaint

Durden alleges that on February 25, 2021, he secretly slipped a note into the pocket of Defendant Lopez, a female corrections officer at his facility. (ECF No. 1, PageID.7.) He does not disclose the content or subject matter of the note. Durden asserts that he communicated with Lopez on one previous occasion in this matter

without incident. (*Id.*) But on this occasion, Lopez informed Defendant Biddle, her sergeant, about the note. (*Id.*)

Biddle issued Durden a Class I ticket for sexual misconduct, and Durden was taken to segregation. (*Id.*) Durden contends the charge was exaggerated, and his conduct, at most, only amounted to unauthorized communication or insolence—lower level violations. (*Id.*)

Defendant Lofton, another corrections officer, delivered Durden's personal property to segregation, but his soap, towels, laundry bag, and earbuds were missing. (*Id.*) Durden indicates that he spent four days in segregation. (*Id.* at PageID.8.)

Since the incident, Durden claims that he has been subjected to verbal harassment from corrections staff and other inmates, and he never received his missing property. (*Id.* at PageID.7.) He states that as a result of the incident he suffers from anxiety, fear of retaliation, and he has become suicidal. (*Id.*)

Plaintiff seeks a total of $160,400 in compensatory and punitive damages. (*Id.* at PageID.8.)

### III. Discussion

### A. Erroneous Misconduct Charge

Durden contends that he was erroneously charged with sexual misconduct. He alleges that putting the note in Lopez's pocket warranted, at most, a lesser charge for unauthorized communication or insolence. But other than Durden spending four days in segregation upon being issued the misconduct charge, it is unclear whether a hearing was held, whether he was found guilty, or whether he incurred any additional

sanctions. Durden simply alleges that Sergeant Biddle told him "you got a ticket to be heard on" but that "once in the cell, instead of hearing me on the ticket, he just said 'you shot your shot now you ain't got shit coming' and slid me a copy under the door." (ECF No. 1, PageID.7.)

The Fourteenth Amendment's Due Process Clause protects individuals against the deprivation of life, liberty, or property without due process. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). An inmate does not have a protected liberty interest in connection with prison disciplinary proceedings unless the sanction "will inevitably affect the duration of his sentence" or the resulting restraint imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484, 486-487 418 (1995). Misconduct convictions that do not result in the loss of good time credits are not "atypical and significant" deprivations and, therefore, do not implicate due process. *See Ingram v. Jewell*, 94 F. App'x 271, 273 (6th Cir. 2004). Additionally, "[f]alse accusations of misconduct filed against an inmate do not constitute a deprivation of constitutional rights where the charges are subsequently adjudicated in a fair hearing." *Cromer v. Dominguez*, 103 F. App'x 570, 573 (6th Cir. 2004); *see also Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (holding that false misconduct charges are not "sufficiently serious" such that they result "in the denial of the minimal civilized measure of life's necessities") (internal quotations and citations omitted).

Durden fails to state a due process claim because he has failed to plead facts indicating that the allegedly erroneous misconduct charge affected the duration of his

4

sentence or resulted in an atypical hardship compared to the ordinary incidents of prison life. To the extent Durden claims that he was over-charged with sexual misconduct, he fails to allege whether the charge was subsequently adjudicated at a prison disciplinary hearing. Durden fails to state a cognizable claim with respect to the misconduct charge.

The Court notes that it does not read the complaint as claiming that Durden was engaged in constitutionally protected conduct when he slipped a note into Lopez's pocket sufficient to state a First Amendment retaliation claim. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). In fact, Durden concedes in his complaint that slipping the note into Lopez's pocket constituted unauthorized communication or insolence.

### B. Deprivation of Property

Durden asserts that some of his personal property was withheld or lost when he was transferred to segregation and that it was never returned to him. Any claim associated with the loss of personal property is barred by the doctrine announced in *Parratt v. Taylor*, 451 U.S. 527 (1981), overruled in part by *Daniels v. Williams*, 474 U.S. 327 (1986).

Under *Parratt*, a person deprived of property by a "random and unauthorized act" of a state employee has no federal due process claim unless the state fails to afford an adequate post-deprivation remedy. If an adequate post-deprivation remedy exists, the deprivation, although real, is not "without due process of law." *Parratt*,

5

451 U.S. at 537. This rule applies to both negligent and intentional deprivations of property. *See Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984).

Because Durden's claim is premised upon the allegedly unauthorized act of a state official, he must plead and prove the inadequacy of state post-deprivation remedies. *See Copeland v. Machulis*, 57 F.3d 476, 479-80 (6th Cir. 1995); *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir. 1993). A prisoner's failure to plead facts indicating the inadequacy of state post-deprivation remedies requires dismissal of his § 1983 due-process action. *See Brooks v. Dutton*, 751 F.2d 197 (6th Cir. 1985).

Durden has not sustained his burden in this case. He has not alleged that state post-deprivation remedies are inadequate. And numerous state post-deprivation remedies appear to be available to him. First, a prisoner who incurs a loss through no fault of his own may petition the institution's Prisoner Benefit Fund for compensation. Mich. Dep't of Corr., Policy Directive 04.07.112, ¶ B (effective Dec. 12, 2013). Aggrieved prisoners may also submit claims for property loss of less than $1,000 to the State Administrative Board. MICH. COMP. LAWS § 600.6419; MDOC Policy Directive 03.02.131 (effective Oct. 21, 2013). Alternatively, Michigan law authorizes actions in the Court of Claims asserting tort or contract claims "against the state and any of its departments, commissions, boards, institutions, arms, or agencies." MICH. COMP. LAWS § 600.6419(1)(a). Indeed, the Sixth Circuit has held that Michigan provides adequate post-deprivation remedies for deprivation of property. *See Copeland*, 57 F.3d at 480. Durden does not allege any reason why a state-court

action would not afford him complete relief for the deprivation, either negligent or intentional, of his personal property.

## C. Verbal Harassment

Finally, Durden alleges he has been continually harassed by corrections officers as a result of his interaction with Lopez. Durden also claims that Lopez spoke with other inmates about the incident, and they now taunt him. Verbal abuse and harassment, while certainly not condoned, do not rise to the level of a constitutional violation. *See Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (harassment and verbal abuse do not constitute the type of infliction of pain that the Eighth Amendment prohibits); *Violett v. Reynolds*, 76 F. App'x. 24, 2003 WL 22097827, at *3 (6th Cir. 2003) (verbal abuse and harassment do not constitute punishment that would support an Eighth Amendment claim); *Murray v. U.S. Bureau of Prisons*, 1997 U.S. App. LEXIS 1716, 1997 WL 34677, at *3 (6th Cir. Jan. 28, 1997) ("Although we do not condone the alleged statements, the Eighth Amendment does not afford us the power to correct every action, statement, or attitude of a prison official with which we might disagree.").

With respect to threats of physical harm, prison officials have a duty under the Eighth Amendment to take reasonable measures to ensure the safety of inmates from other inmates. *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994). Prison staff must "take reasonable measures to guarantee the safety of the inmates" in their care. *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984). To state an Eighth Amendment failure-to-protect claim, a plaintiff must satisfy two requirements, one objective and

7

one subjective. *Farmer*, 554 F.3d at 834. First, under the objective component, a plaintiff must show exposure to "a substantial threat of serious harm." *Id*. at 837. Second, under the subjective component, a plaintiff must show that a prison official knew of and disregarded "an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. Durden alleges in general terms only that he is being "harassed" and "intimidated" by officers and inmates. (ECF No. 1, PageID.7.) He fails to plead facts indicating a substantial threat of serious harm, and does not allege that prison officials are disregarding an excessive risk to his safety.

Durden's allegations about the verbal harassment from prison employees and fellow inmates, therefore, do not state a claim for relief.

## IV. Conclusion

Accordingly, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c), the Court will dismiss the complaint without prejudice for Plaintiff's failure to state a claim.

**SO ORDERED**.

Dated: June 3, 2021

s/Laurie J. Michelson  
LAURIE J. MICHELSON  
UNITED STATES DISTRICT JUDGE